

RECEIVED NOV 1 4 2012
*NECC*

# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452      *Secretary of the Commonwealth*      RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

New England Compounding Pharmacy, Inc. d/b/a New England
Compounding Center
c/o Gregory Conigliaro, Registered Agent
697 Waverly Street
Framingham, MA 01701                           11/9/2012

Kimberly Brown

vs.

New England Compounding Pharmacy, Inc. d/b/a New England
Compounding Center

**Summons and Complaint**
**Request for Production of Documents**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia
which designates the Secretary of the Commonwealth as statutory for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below
mentioned court or any attorney of your choice. Our office does not accept payments on behalf
of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed
papers to you.

COURT:

Roanoke City Circuit Court
315 Church Avenue SW, Room 357
PO Box 2610
Roanoke, VA 24016

Service of Process Clerk
Secretary of the Commonwealth's
Office



DEFENDANT'S
EXHIBIT
A

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Commonwealth of Virginia

Case No. *CL12-2154*

......................... ROANOKE CITY ......................................................................... Circuit Court

KIMBERLY BROWN

v.

NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a

NEW ENGLAND COMPOUNDING CENTER

c/o Gregory Conigliaro, Registered Agent

697 Waverly St., Framingham, MA 01701

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☐ Notice |
| | | ☒ and Request for Production of Documents |

I, the undersigned Affiant, state under oath that

☒ the above-named defendant ☐ ................................................

whose last known address is ☒ same as above ☐ ....................................

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see JUE DILIGENCE REQUIREMENT ON BACK)

......................................... is the hearing date and time on the attached process or notice.

11/1/12
DATE

☐ PARTY ☒ PARTY'S ATTORNEY ☐ PARTY'S AGENT ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of VIRGINIA ☐ City ☒ County of ALLEGHANY

Acknowledged, subscribed and sworn to before me this day by RUSSELL W. UPDIKE

11/1/12
DATE

PRINT NAME OF SIGNATORY

☐ CLERK ☐ MAGISTRATE ☒ NOTARY PUBLIC

Notary Registration No. 102532     My commission expires: 01/31/14

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On .......... NOV 0 8 2012 .........., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

NOV 0 9 2012

2. On ......................................, papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

**NON-RESIDENCE GROUNDS REQUIREMENT:**

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1.   Transacting any business in this Commonwealth;

2.   Contracting to supply services or things in this Commonwealth;

3.   Causing tortious injury by an act or omission in this Commonwealth;

4.   Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5.   Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6.   Having an interest in, using, or possessing real property in this Commonwealth;

7.   Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii).  Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

9.   Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.

# COMMONWEALTH OF VIRGINIA



### ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

To: NEW ENGLAND COMPOUNDING
PHARMACY INC
C/O GREGORY CONIGLIARO
REGISTERED AGENT
697 WAVERLY STREET
FRANINGHAM MA 01701

Case No. 770CL12002154-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, November 02, 2012

Clerk of Court:  BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK )

Instructions:    SERVICE THROUGH THE SECRETARY OF THE COMMONWEALTH

Hearing Official:

Attorney's name:    UPDIKE, RUSSELL W; ESQ
540-962-4986

VIRGINIA:

        IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

KIMBERLY BROWN,           )

        Plaintiff,       )

v.                 )    NO. *CL 12-2134*

NEW ENGLAND COMPOUNDING  )
PHARMACY, INC. d/b/a       )
NEW ENGLAND             )
COMPOUNDING CENTER,     )

                    )

and                 )

IMAGE GUIDED PAIN MANAGEMENT, )
P.C., d/b/a INSIGHT IMAGING ROANOKE, )

       Defendants.    )

## COMPLAINT

TO:   THE HONORABLE JUDGE OF SAID COURT:

    Comes now the Plaintiff, **KIMBERLY BROWN**, by counsel, and demands judgment against the Defendants, **NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER, and IMAGE GUIDED PAIN MANAGEMENT, P.C., d/b/a INSIGHT IMAGING ROANOKE**, jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) for compensatory damages and in support of said demand would respectfully represent, upon information and belief, as follows:

### I. PARTIES

    (1)    That Plaintiff, KIMBERLY BROWN, (hereinafter "BROWN"), is a citizen of the Commonwealth of Virginia within the County of Alleghany, whose current residential address is P.O. Box 242, Iron Gate, Virginia 24448.

    (2)    That at all relevant times referenced herein, Defendant, NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND

WILSON
UPDIKE
& NICELY
LAW OFFICES

128 N. Maple Avenue
P. O. Drawer 590
rington, Virginia 24426

COMPOUNDING CENTER, hereinafter "NECC", is a Massachusetts corporation with its principal place of business located at 697 Waverly Street, Framingham, Massachusetts 01701, and NECC was engaged in the business of designing, manufacturing, marketing, compounding, testing, distributing, selling, marketing, and/or introducing into interstate commerce, including the Commonwealth of Virginia, the drug methylprednisolone acetate, an injectable steroid, and various other medications and/or products.

(3)     That at all relevant times referenced herein, Defendant, IMAGE GUIDED PAIN MANAGEMENT, P.C., d/b/a INSIGHT IMAGING ROANOKE, hereinafter "INSIGHT", is a corporation organized, existing and operating under the laws of the Commonwealth of Virginia, and at all relevant times, INSIGHT, was doing business in the City of Roanoke, within the jurisdiction of this Court, and was engaged in the businesses of providing medical and/or related services, specifically including but not limited to radiological imaging and the administration and/or injection of drugs specifically including but not limited to methylprednisolone acetate.

(4)     That at all relevant times, NECC was conducting business in Virginia, delivered methylprednisolone acetate and other medications to Virginia, specifically including INSIGHT in the City of Roanoke, Virginia, and purposefully directed sales and marketing efforts to Virginia and its citizens.

## II.  JURISDICTION AND VENUE

(5)     That venue is appropriate in this Court because Defendant, INSIGHT, has a principal office address at 2923 Franklin Road, SW, in the City of Roanoke, Virginia; has a registered agent located at 10 South Jefferson Street, Suite 1400, in the City of Roanoke, Virginia and/or otherwise conducts substantial business activity within the City of Roanoke, specifically including but not limited to the treatment of

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

2

Plaintiff as set forth herein.

(6)     That venue is appropriate in this Court because Defendant, NECC, transacted business in the Commonwealth of Virginia, specifically including the City of Roanoke; sold, delivered, supplied and/or distributed goods in Virginia; specifically including the City of Roanoke; purposefully directed sales and/or marketing efforts to the City of Roanoke, Virginia; caused tortious injury to the Plaintiff in Virginia by delivering methylprednisolone acetate to Virginia, specifically including Roanoke, Virginia, and/or otherwise engaged in business within the Commonwealth of Virginia, derived substantial revenue from goods used and/or consumed in Virginia and/or otherwise conducted substantial business activity within the Commonwealth of Virginia, specifically including the City of Roanoke.

(7)     That upon information and belief, venue is appropriate in the City of Roanoke pursuant to Virginia Code Section 8.01-262(1), (2), (3) and/or (4) and/or under 8.01-263.

## III.  BACKGROUND

(8)     That upon information and belief, NECC mixes, compounds, manufactures, tests, and/or otherwise produces and/or supplies the steroid, methylprednisolone acetate.

(9)     That upon information and belief, NECC regularly sold and/or supplied methylprednisolone acetate to other entities, specifically including Defendant, INSIGHT, which methylprednisolone acetate was sold for the purpose of and intended to be used as a drug and/or substance for injection into patients for medical, therapeutic and/or treatment purposes.

(10)     That upon information and belief, NECC designed, mixed, compounded, manufactured, created and/or otherwise produced methylprednisolone acetate which was contaminated by and/or otherwise contained a fungus, foreign

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

3

substance and/or other contaminant which rendered the steroid unsafe, dangerous and/or unfit for its intended use and/or purpose.

(11)    That upon information and belief, NECC produced and supplied thousands of doses of methylprednisolone acetate which were contaminated and/or which were otherwise unsafe, dangerous, harmful and/or unfit for the customary and/or intended use of methylprednisolone acetate.

(12)    That upon information and belief, NECC provided doses of methylprednisolone acetate to Defendant, INSIGHT, which were contaminated and/or otherwise unsafe, dangerous, harmful and/or unfit for the customary and/or intended use of methylprednisolone acetate.

(13)    That upon information and belief, on or about September 19, 2012, a facility and/or medical provider in the State of Tennessee determined that doses of methylprednisolone acetate produced and/or supplied by NECC were contaminated and/or otherwise unsafe, dangerous and/or unfit for use, specifically including the injection of such methylprednisolone acetate into patients, and notified the Center for Disease Control, hereinafter "CDC", and/or otherwise provided notification of its findings and/or concerns regarding NECC's product(s).

(14)    That the CDC and/or other agencies and/or entities subsequently provided notice and/or notification of the contamination of the methylprednisolone acetate produced and/or supplied by NECC.

(15)    That upon information and belief, investigations by state and/or federal authorities are continuing but it has been determined that NECC designed, produced, manufactured, created, sold and/or supplied thousands of doses of methylprednisolone acetate to numerous medical providers, specifically including INSIGHT, which were contaminated by a fungus which could cause fungal meningitis if injected into a patient and/or were otherwise unsafe, dangerous, harmful and/or

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Lexington, Virginia 24426

4

unfit for the customary and/or intended use of methylprednisolone acetate.

(16)   That NECC has subsequently recalled all doses of methylprednisolone acetate and/or other products and has closed its facility in Massachusetts where the methylprednisolone acetate in question was produced.

## IV. PLAINTIFF'S CAUSE OF ACTION

(17)   That on or about September 24, 2012, Plaintiff, BROWN, went to a facility owned and/or operated by INSIGHT in the City of Roanoke, Virginia, expecting to receive steroids, by injection, which would relieve and/or help her manage her spinal pain and/or otherwise provide therapeutic therapy and/or medical treatment but instead BROWN was sold and administered a contaminated and dangerous drug and/or other substance in the form of contaminated methylprednisolone acetate which was injected into her body.

(18)   That unknown to BROWN, the methylprednisolone acetate which was injected into her on or about September 24, 2012, by INSIGHT, acting through its agents, servants and/or employees, was contaminated by a fungus which rendered the methylprednisolone acetate dangerous, unsafe, unfit and unreasonably dangerous for its intended use as a therapeutic medication and/or substance to be used for the relief of neck, back and/or other spinal pain.

(19)   That upon information and belief, the fungal contaminant contained within the methylprednisolone acetate produced and/or supplied by NECC and administered and/or injected by INSIGHT can infect a patient's nervous system by causing fungal meningitis, an inflammation of the lining of the brain and spinal cord, and/or other conditions which can be harmful and/or even fatal to the patient receiving it, including BROWN.

(20)   That after receiving the injection at INSIGHT, BROWN began to experience symptoms consistent with fungal meningitis and subsequently received

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

5

medical treatment which resulted in her being admitted to Carilion Roanoke
Memorial Hospital for medical treatment where BROWN continues to be treated
at the time of the filing of this Complaint.

## V. COUNT I - BREACH OF EXPRESS WARRANTIES

(21)    That Plaintiff, BROWN, hereby adopts and incorporates Paragraphs
"(1)" through "(20)" of the Complaint as if fully stated and set forth at length
herein.

(22)    That NECC and INSIGHT are "sellers" and "merchants" with regard
to the methylprednisolone acetate and sold the contaminated methylprednisolone
acetate.

(23)    That NECC and INSIGHT labeled, indicated, held out and/or
otherwise warranted and/or represented that the dose of steroid sold to and
injected into BROWN was methylprednisolone acetate suitable and appropriate
for injection for therapeutic and/or medical treatment and/or purposes.

(24)    That notwithstanding the labeling and other express provisions,
representations, assurances and/or warranties made by NECC and INSIGHT to
BROWN with regard to the methylprednisolone acetate and its suitability for
injection for therapeutic and/or medical treatment and/or purposes, the
methylprednisolone acetate sold to and injected into BROWN was
inappropriately, inadequately, unsafely and/or dangerously compounded,
designed, engineered, manufactured, produced, inspected, tested and/or created
and contained a dangerous and/or harmful fungus and/or other contaminant
and/or otherwise failed to comply with the labeling and/or express provisions,
representations, assurances and/or warranties made by NECC and INSIGHT
and/or was not methylprednisolone acetate suitable and/or appropriate for
injection for therapeutic and/or medical treatment and/or purposes.

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

6

(25)    That BROWN was a reasonably foreseeable user/recipient of the methylprednisolone acetate provided by NECC and INSIGHT and a beneficiary of the express warranties extended by NECC and INSIGHT and these warranties were relied upon by BROWN in consenting to purchase and receive the methylprednisolone acetate injection into her body on or about September 24, 2012.

(26)    That the defects, foreign substances and/or contaminants, specifically including the fungus, existed continuously since the time that NECC designed, engineered, manufactured, compounded, mixed, produced and/or otherwise created the methylprednisolone acetate and at the time that INSIGHT sold and injected the dose in question to BROWN.

(27)    That NECC is vicariously liable for the acts and/or omissions of the employees, agents and/or servants of NECC and as a result of actions and/or omissions of NECC and/or the employees, agents and/or servants of NECC, NECC's express warranties were breached and BROWN was damaged as described herein.

(28)    That INSIGHT is vicariously liable for the acts and/or omissions of the employees, agents and/or servants of INSIGHT and as a result of actions and/or omissions of INSIGHT and/or the employees, agents and/or servants of INSIGHT, INSIGHT's express warranties were breached and BROWN was damaged as described herein.

(29)    That as a direct and proximate result of the breach of these express provisions, representations, assurances and/or warranties by NECC and INSIGHT and/or NECC's and INSIGHT's agents, servants and/or employees with regard to the methylprednisolone acetate as set forth above, Plaintiff, BROWN, sustained severe personal injury and has and will continue to suffer financial and pecuniary

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

7

loss, has sustained serious and permanent injuries; has and will continue to incur in the future medical bills, hospital bills, doctor bills, drug bills, and related bills in an effort to be cured of said injuries; has lost and will lose in the future large amounts of wages, has and will continue to incur transportation expenses, has and will continue to suffer inconvenience, has and will continue to incur in the future other costs and expenses relating to her injuries; has suffered a loss of earning capacity, and has and will continue to suffer pain, discomfort, severe and permanent physical injury and emotional distress.

## VI.  COUNT II - BREACH OF IMPLIED WARRANTIES

(30)    That Plaintiff, BROWN, hereby adopts and incorporates Paragraphs "(1)" through "(20)" of the Complaint as if fully stated and set forth at length herein.

(31)    That NECC and INSIGHT are "sellers" and "merchants" with regard to the methylprednisolone acetate and sold the contaminated methylprednisolone acetate.

(32)    That NECC and INSIGHT held out and impliedly warranted that the methylprednisolone acetate was designed, engineered, compounded, mixed, produced, manufactured and/or created appropriately and was of sound and merchantable quality and produced in a good workmanlike manner, free from defects, merchantable and reasonably safe for and fit for its intended and ordinary use and purpose and for the general and particular purpose of being injected into the human body and was not unreasonably dangerous for its intended and ordinary uses and other reasonably foreseeable uses. NECC and INSIGHT made such implied warranties to the purchaser and foreseeable users of the methylprednisolone acetate, specifically including BROWN.

(33)    That BROWN was a reasonably foreseeable user of the

WILSON
UPDIKE
& NICELY

LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

8

methylprednisolone acetate and a beneficiary of the implied warranties extended by NECC and INSIGHT and these warranties were relied upon by BROWN in choosing to purchase and receive the methylpredinsolone acetate injected into her body on or about September 24, 2012.

(34) That NECC and INSIGHT breached their implied warranties, including but not limited to their implied warranties of fitness for a particular purpose and their implied warranties of merchantability, in regard to the methylprednisolone acetate and/or the substances, materials and/or components of the methylprednisolone acetate in that the methylprednisolone acetate was inappropriately, inadequately, unsafely and/or dangerously compounded, designed, engineered, manufactured, mixed, produced, inspected, tested and/or created, contained a dangerous and/or harmful fungus and/or other contaminant and/or was otherwise defective, unsafe for and unfit for its intended and ordinary use and purpose and unsafe and unfit for the general and particular purpose of being injected into the human body and was unreasonably dangerous for its intended and ordinary uses and other reasonably foreseeable uses.

(35) That the defects, foreign substances and/or contaminants, specifically including the fungus, existed continuously since the time that NECC constructed, manufactured, produced and/or otherwise created the methylprednisolone acetate and at the time that INSIGHT sold and injected the dose in question to BROWN.

(36) That NECC and/or INSIGHT knew and/or should have known of the defects in the methylprednisolone acetate and/or its materials and/or components and/or otherwise knew and/or should have known that the methylprednisolone acetate and/or its materials and/or components were defective, unsafe, unfit and/or could otherwise result in dangerous, unsafe and/or hazardous conditions and/or effects, but notwithstanding this knowledge, NECC

WILSON
UPDIKE
& NICELY

LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

9

and/or INSIGHT failed to warn the purchaser and/or user, specifically including BROWN, of the defects, problems and/or other dangerous and/or hazardous conditions associated with the methylprednisolone acetate and/or its materials and/or components.

(37)    That NECC is vicariously liable for the acts and/or omissions of the employees, agents and/or servants of NECC and as a result of the actions and/or omissions of NECC and/or the employees, agents and/or servants of NECC, NECC's implied warranties were breached and BROWN was damaged as described herein.

(38)    That INSIGHT is vicariously liable for the acts and/or omissions of the employees, agents and/or servants of INSIGHT and as a result of the actions and/or omissions of INSIGHT and/or the employees, agents and/or servants of INSIGHT, INSIGHT's implied warranties were breached and BROWN was damaged as described herein.

(39)    That NECC and INSIGHT breached their respective implied warranties of merchantability with respect to the methylprednisolone acetate sold to and injected into BROWN.

(40)    That NECC and INSIGHT breached their respective implied warranties of fitness for a particular purpose with respect to the methylprednisolone acetate sold to and injected into BROWN.

(41)    That as a direct and proximate result of the breaches of the implied warranties by NECC and INSIGHT and/or the servants, agents and/or employees of NECC and INSIGHT, Plaintiff, BROWN, has and will continue to suffer financial and pecuniary loss, has sustained serious and permanent injuries; has and will continue to incur in the future medical bills, hospital bills, doctor bills, drug bills, and related bills in an effort to be cured of said injuries; has lost and will

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

lose in the future large amounts of wages, has and will continue to incur transportation expenses, has and will continue to suffer inconvenience, has and will continue to incur in the future other costs and expenses relating to her injuries; has suffered a loss of earning capacity, and has and will continue to suffer pain, discomfort, severe and permanent physical injury and emotional distress.

## VII.  PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above against Defendants, generally and as set forth in COUNTS I and II above, Plaintiff, **KIMBERLY BROWN**, by counsel, prays for relief and requests judgment against Defendants, **NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER, and IMAGE GUIDED PAIN MANAGEMENT, P.C., d/b/a INSIGHT IMAGING ROANOKE** jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) for compensatory damages, and further requests that the Court award Plaintiff the costs expended in the pursuit of this action and prejudgment and post judgment interest on all amounts awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

**KIMBERLY BROWN**,

By: _____
                        Counsel

Russell W. Updike, Esquire
Nolan R. Nicely, Jr., Esquire
Jennifer K. M. Crawford, Esquire
**WILSON, UPDIKE & NICELY**
228 North Maple Avenue
P.O. Drawer 590
Covington, Virginia  24426
(540) 962-4986
(540) 962-8423 {fax}

Counsel for Plaintiff

WILSON
UPDIKE
& NICELY

LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

11

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

KIMBERLY BROWN,                           )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )   NO. *CL 12-2154*
                                          )
                                          )
NEW ENGLAND COMPOUNDING                   )
PHARMACY, INC. d/b/a                      )
NEW ENGLAND                               )
COMPOUNDING CENTER,                       )
                                          )
and                                       )
                                          )
IMAGE GUIDED PAIN MANAGEMENT,             )
P.C., d/b/a INSIGHT IMAGING ROANOKE,      )
                                          )
        Defendants.                       )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT, NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER

Comes now the Plaintiff, KIMBERLY BROWN, by counsel, pursuant to Rule 4:9 of the

Rules of the Supreme Court of Virginia, and hereby requests that the Defendant, NEW

ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND

COMPOUNDING CENTER, produce, at the offices of Wilson, Updike & Nicely, 228 North

Maple Avenue, P.O. Drawer 590, Covington, Virginia 24426, within twenty-eight (28) days

following service, copies of the following documents:

### Definitions and Instructions

a.      These Requests for Production are continuing so as to require you to

supplement your response if you obtain further or different information before trial;

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P.O. Drawer 590
Covington, Virginia 24426

b.      "You" or "your" means Defendant, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, its successors, predecessors, divisions, subsidiaries, present and former officers, agents and employees and all other persons acting on behalf of New England Compounding Pharmacy, its successors, predecessors, divisions and subsidiaries.

c.      "INSIGHT" means Defendant, Image Guided Pain Management, P.C., d/b/a Insight Imaging Roanoke, its successors, predecessors, divisions, subsidiaries, present and former officers, agents and employees and all other persons acting on behalf of Defendant, its successors, predecessors, divisions and subsidiaries.

d.      "NECC" means Defendant, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, its successors, predecessors, divisions, subsidiaries, present and former officers, agents and employees and all other persons acting on behalf of New England Compounding Pharmacy, its successors, predecessors, divisions and subsidiaries.

e.      Unless otherwise indicated, these Request for Production refer to the time, place, and circumstances of the occurrence as set forth in Plaintiff's Complaint;

f.      Where knowledge of information in possession of the Defendant is requested, such request indicates knowledge of the Defendant, and its agents, employees, servants, representatives and any other entity or individual listed in clause "b" above, and unless privileged, its attorneys;

g.      "incident" refers to the incident alleged and described in Plaintiff's Complaint.

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

2

h.      As used herein the word "document" or "documents" refers to all writings or other tangible or electronic records, including, but not limited to: all medical records of any type, administrative records, governmental records, governmental licenses or filings, reports and records, charts, correspondence, notes, memoranda, minutes, inventory records, payroll records, work records, disciplinary records, investigative records, corporate records, logs, work reports, computerized records, emails, calendars, ledgers, tape or other recordings, contracts, files, photographs, drawings, architectural plans, depositions, hearing or trial transcripts, and all other writings or other data compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, CD-ROM, photographic or other means, as well as phonic (such as recording), or visual reproduction of any oral statement, conversation or event;

i.      "medical record" shall mean and include but not be limited to any admission summaries, discharge summaries, operative reports, E.R. records, nurses notes, x-rays, x-ray reports, nuclear images, MRIs, other images, scans, reports, progress notes, progress reports, physical therapy notes, physical therapy evaluations, respiratory therapist notes, charts, flowsheets, schedules, pathology reports, history and physicals, consults, physician orders, consents, physician notes, consultations, medication records, pharmacology records, laboratory records, laboratory reports, hematology reports, cytology reports, pulmonary lab reports, blood gas analysis, EKG reports, and any and all notes, reports, evaluations, letters, summaries, tests, correspondence and all other documents, whether generated or authored by you, another health care provider, or third party, in your possession, control, or custody,

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

3

relating in any manner to Kimberly Brown.

     j.    The word "document" also includes all copies unless such copies (including any notations and marks thereon) are exact duplicates of documents that are produced;

     k.    This request is directed at all documents within the possession, custody or control of Defendants, and also includes documents within the possession, custody or control of agents, employees, subsidiaries, departments, affiliates, representatives and/or any other persons and/or entities in privity with the Defendants, including past and/or present attorneys;

     l.    For any "document" and/or other information requested herein that was, but is no longer, in existence, in your possession, subject to your control or which cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located and the reasons therefore, the identity of the person, if any, with present custody of such material, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or the fact concerning such document's nonexistence or loss.

     m.    If any "document" and/or other information is withheld on the basis of a privilege, please identify such document being withheld and provide sufficient information to identify and describe such document as provided for by Rule 4:1(b)(6) of the Rules of the Virginia Supreme Court.

     n.    As used herein, the word "or" appearing in a Request for Production should be read so as to eliminate any part of the Request, but whenever applicable, it should have

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

4

the same meaning as the word "and". For example, a request for production requesting "medical records or other documents" should be read as requesting "medical records and other documents" if both exist.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

(1)     Please provide a copies of all policies of liability insurance coverage which provide protection to Defendant, NECC, and/or which may otherwise be liable to satisfy part or all of any judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy such judgment.

(2)     Please provide with respect to the steroids and/or other substance(s) injected into Plaintiff, any and all documents identifying the vial, dose and/or injectable unit(s), by whatever name or manner referenced, that was administered to Plaintiff on or about September 24, 2012.

(3)     Please provide with respect to the vial, dose and/or injectable unit(s) identified in Request Number Two above, all documents related to the ordering, purchase and/or sale of such vial, dose and/or unit by NECC and/or any other entity to INSIGHT.

(4)     Please provide with respect to the vial, dose and/or injectable unit(s) identified in Request Number Two above, all documents related to the mixing, compounding, assembly, creation and/or manufacture of such vial, dose and/or injectable unit(s) identified.

(5)     Please provide with respect to the vial, dose and/or injectable unit(s)

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

5

identified in Request Number Two above, all documents related to the source(s) of the ingredients, materials, compounds, medication and/or other components used in the mixing, compounding, assembly, creation and/or manufacture of such vial, dose and/or injectable unit(s) identified.

(6)     Please provide with respect to the vial, dose and/or injectable unit(s) identified in Request Number Two above, all documents related to the inspection and/or testing of the vial, dose and/or injectable unit(s) identified and/or any other similar vials, doses and/or units which were created at the same time in the same manner from the same materials and/or sources.

(7)     Please provide copies of all bills, invoices, statements, accounts, letters, e-mail or other documents evidencing any and all amounts charged by NECC to INSIGHT and/or any other health care providers for the steroids and/or other products used by INSIGHT to inject Plaintiff on or about September 24, 2012.

(8)     Please provide copies of all bills, invoices, statements, accounts, letters, e-mail or other documents evidencing any and all amounts charged by NECC to INSIGHT and/or any other health care providers for the steroids which were determined to be and/or believed to be contaminated by fungus and/or otherwise contaminated in relation to the meningitis outbreak.

(9)     With respect to the incident described in Plaintiff's Complaint, please produce any and all reports, summaries and any other documents of any kind, type and/or description regarding the specific incident in question related to Kimberly Brown, including

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

6

but not limited to internal reports, investigation reports, incident reports, insurance claim forms, reports to any governmental entity, recall notices, letters, e-mail, facsimile, and/or statements.

(10)     With respect to the incident described in Plaintiff's Complaint, please produce any and all reports, summaries and any other documents of any kind, type and/or description regarding the contamination of steroids which contamination resulted in and/or was suspected to have resulted in outbreaks of meningitis in patients receiving steroid injections, such as Plaintiff, including but not limited to internal reports, investigation reports, incident reports, insurance claim forms, reports to any governmental entity, recall notices, letters, e-mail, facsimile, and/or statements.

(11)     With respect to INSIGHT's purchase and/or receipt of steroids and/or any other medications, products and/or other materials from Defendant, NECC, which were potentially contaminated by fungus and/or any other contaminant, as described in Plaintiff's Complaint, please produce any and all reports, summaries and any other documents of any kind, type and/or description regarding these steroids and/or other products and/or their contamination, including but not limited to internal reports, investigation reports, incident reports, insurance claim forms, reports to any governmental entities, recall notices, letters, e-mail, facsimile, and/or statements.

(12)     Please produce all incident reports, forms, reports, memoranda, analyses, determinations, investigative materials, photographs, diagrams, statements and all other documents prepared by and/or in the possession of NECC, its servants, agents and/or

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

7

employees as a result of the investigation of this incident and/or otherwise pertaining to the contamination of steroids and/or other products sold by and/or supplied by NECC and/or the development of meningitis or any other infectious condition related to such steroids and/or other products.

(13)    Please produce copies of all documents related to the contamination of steroids sold and/or produced by NECC, which contamination resulted in and/or was suspected to have resulted in outbreaks of meningitis in patients receiving steroid injections, such as Plaintiff, which were created or completed as the result of any industry, governmental and/or agency regulation, policy, requirement, standard, procedure and/or inquiry.

(14)    Please provide copies of all statements, whether written or electronically recorded, which you or anyone on your behalf have obtained from any witness, employee and/or other person with knowledge of the truthfulness or falsity of the facts pertaining to the contamination of steroids sold and/or produced by NECC, which contamination resulted in and/or was suspected to have resulted in outbreaks of meningitis in patients receiving steroid injections, such as Plaintiff as alleged in the Plaintiff's Complaint and any defenses thereto.

(15)    Please provide copies of all tapes and/or other recordings of any and all statements referenced in number 14 above and all notes and/or other documents summarizing, detailing and/or otherwise related to such statements.

(16)    Please provide copies of all rules, regulations, procedures, guidelines,

WILSON
UPDIKE
& NICELY

LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

8

standards, manuals, orders and/or directives promulgated and/or utilized by NECC which

regulated, governed, controlled and/or applied to the actions and/or conduct of any agent,

servant and/or employee of NECC with regard to the compounding, mixing, handling,

testing, manufacture, assembly and/or creation of the steroid injections which were sold

and/or supplied by NECC to Defendant, INSIGHT, and which were subsequently injected

into Plaintiff in September of 2012.

(17)    Please provide copies of all rules, regulations, procedures, guidelines,

standards, manuals, orders and/or directives promulgated and/or utilized by NECC which

regulated, governed, controlled and/or applied to the actions and/or conduct of any agent,

servant and/or employee of NECC with regard to the testing of the steroids in question

which were purchased from and/or otherwise obtained by INSIGHT from Defendant, NECC.

(18)    Please provide copies of all invoices, ordering information and/or any other

documents related to the steroid injections in question which were sold and/or supplied by

NECC to INSIGHT, which steroid injections were subsequently recalled by NECC for

contamination and/or possible contamination.

(19)    Please produce complete copies of all books, manuals, handbooks,

procedures, regulations, videotapes and/or training films and/or other documents utilized by

NECC with regard to the training and/or instructing of its agents, servants and/or employees

with regard to the compounding, mixing, testing, handling, assembly, packaging and/or

otherwise related to the creation of the steroids sold and/or supplied by NECC to INSIGHT

in 2012, some of which steroids were injected into Plaintiff on or about September 24, 2012.

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

9

(Plaintiff seeks any training material related to the verbal and/or written communication of the process of manufacturing the steroids and/or similar steroids as used in the treatment of Plaintiff in September of 2012.)

(20)     Please provide a list of all agents, servants and/or employees of NECC who were involved in any way in the preparation of the steroid injections sold to INSIGHT and subsequently administered to Plaintiff as further referenced in Plaintiff's Complaint.

(21)     Please provide copies of any documents evidencing, concerning and/or otherwise related to any disciplinary actions taken with regard to any agent, servant and/or employee of NECC related to the contamination of the steroid injections in question as described in Plaintiff's Complaint.

(22)     Please provide copies of all contracts, agreements and/or other documents in effect in 2012 which were signed by and/or on behalf of INSIGHT and/or NECC related to the purchase and/or supply of steroids by NECC to INSIGHT.

(23)     Please provide copies of all contracts, agreements and/or other documents evidencing any agreements in effect between INSIGHT and NECC at any point in time and/or period of time between July 1, 2012, and September 30, 2012.

(24)     Please provide copies of all order forms, invoices, purchase forms, emails, electronic records and/or any other document or record related in any manner to the purchase of the steroids and/or other products injected into Plaintiff from NECC and/or otherwise related to Defendant, INSIGHT's, obtaining the steroids in question from NECC and/or any other supplier and/or entity.

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

10

(25)    Please provide copies of any brochures, pamphlets, catalogs, sale information, descriptions and/or any other documents provided to INSIGHT by and/or on behalf of NECC related in any manner to the steroids and/or the type of steroids injected into Kimberly Brown on or about September 24, 2012.

(26)    Please provide copies of any correspondence, notices, alerts, electronic notifications and/or any type of document and/or other notification received by NECC from and/or on behalf of any individual and/or entity after August 1, 2012, related in any manner to the contaminated steroid injections and/or products in question.

(27)    Please provide copies of any correspondence, notices, alerts, electronic notifications and/or any type of document and/or other notification received by NECC from and/or on behalf of the Center for Disease Control and/or any other governmental and/or regulatory agency, entity and/or group after August 1, 2012, related in any manner to the contaminated steroid injections and/or products in question.

(28)    Please provide copies of any testing done and/or performed by and/or on behalf of NECC for the purpose of checking for possible contamination of any of the steroids and/or other materials sold by NECC to INSIGHT, which steroids were subsequently recalled because of concerns over contamination.

(29)    Please provide copies of any correspondence, emails, letters, notes, requests and/or any other document sent by and/or on behalf of INSIGHT to Defendant, NECC, related in any manner to Plaintiff's incident and/or the contamination of NECC's product(s) by fungus and/or any other contaminant.

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

11

(30)     Please provide copies of any correspondence, emails, letters, notes, requests and/or any other document sent by and/or on behalf of NECC to Defendant, INSIGHT, related in any manner to Plaintiff's incident and/or the contamination of NECC's product(s) by fungus and/or any other contaminant.

(31)     Please provide copies of any correspondence, emails, letters, notes, requests and/or any other document sent by and/or on behalf of INSIGHT to Defendant, NECC, related in any manner to the development and/or suspected development of meningitis as a result of the use of any product manufactured and/or supplied by NECC.

(32)     Please provide copies of any correspondence, emails, letters, notes, requests and/or any other document sent by and/or on behalf of NECC to Defendant, INSIGHT, related in any manner to the development and/or suspected development of meningitis as a result of the use of any product manufactured and/or supplied by NECC.

(33)     Please provide copies of any document reflecting the date and time that INSIGHT was first notified and/or otherwise first learned of the possible contamination of steroids and/or other products sold and/or supplied by NECC.

(34)     Please provide copies of any document(s) reflecting the cause and/or source of the fungal and/or other contamination of the steroids in question.

(35)     Please provide copies of any document(s) containing any findings and/or opinions regarding the cause and/or source of the fungal and/or other contamination of the steroids in question.

(36)     Please provide copies of all documents in Defendant's possession related in

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

12

any manner to Plaintiff, Kimberly Brown.

Respectfully submitted,

KIMBERLY BROWN,

By: _____
Counsel

Russell W. Updike, Esquire (VSB # 31889)
Nolan R. Nicely, Jr., Esquire (VSB #37144)
Jennifer K. M. Crawford, Esquire (VSB #82014)
**WILSON, UPDIKE & NICELY**
228 North Maple Avenue
P. O. Drawer 590
Covington, Virginia  24426
(540) 962-4986
(540) 962-8423 (facsimile)

Counsel for Plaintiff

CERTIFICATE

I hereby certify that a true copy of the foregoing was hand-delivered this 2nd day

of November, 2012, to the Clerk of the Circuit Court of the City of Roanoke along with the

Complaint filed in this case to be served upon Defendants with a copy of the Complaint.

_____
Counsel

WILSON
UPDIKE
& NICELY
LAW OFFICES

228 N. Maple Avenue
P. O. Drawer 590
Covington, Virginia 24426

13